IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION



| | | |
|---|---|---|
| CARLOS GARZA,<br>BOP Reg. No. 54026-019,<br>   Movant,<br><br>v.<br><br>UNTIED STATES OF AMERICA,<br>   Respondent. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CRIMINAL INDICTMENT NO.<br>1:02-CR-586-12-TCB<br><br>CIVIL FILE NO.<br>1:10-CV-0067-TCB |

**ORDER AND OPINION**

Movant Carlos Gaza ("Movant"), a federal prisoner confined at the United States Penitentiary in Atlanta, Georgia, seeks via 28 U.S.C. § 2255 to vacate the 188-month sentence he received for his conspiracy to possess with intent to distribute cocaine and methamphetamine conviction. The matter is before this Court on the 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence [1299] and the Government's response [1309].

I. Background

On January 28, 2004, Movant was convicted, pursuant to a jury trial held in this Court, of conspiracy to possess with intent to distribute at least five kilograms of cocaine and at least 500 grams of methamphetamine. (Doc. 632, Jury Verdict.) On May 23, 2005, Movant was sentenced to a 188-month term of imprisonment. (Doc. 902, Judgment and Commitment Order; Doc. 915, Sentencing Hearing Transcript.) On August 10, 2006, the

United States Court of Appeals for the Eleventh Circuit affirmed Movant's conviction and sentence. United States v. Garza, 196 F. App'x 764 (11th Cir. Aug. 10, 2006) (unpublished opinion).

On October 31, 2007, this Court received Movant's first 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. (Doc. 1111.) On March 26, 2008, this Court denied Movant's first motion to vacate sentence. (Doc. 1162.)

On January 6, 2010, this Court received this, Movant's second, 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence. (Doc. 1299.) Movant claims that (1) he was coerced into trafficking in cocaine, (2) this Court erred by relying on a witness's false testimony to determine the amount of cocaine Movant trafficked, and (3) this Court should have found that the amount of cocaine was no more than 30 kilograms. (Id. at 7, 12, and 15.)

On February 11, 2010, the Government filed its response. (Doc. 1309.) The Government argues that the present motion to vacate sentence is impermissibly successive because Movant has not obtained permission from the Eleventh Circuit Court of Appeals to file a second or successive motion to vacate sentence. (Id. at 3-4.) Consequently, this Court is without jurisdiction to review this motion to vacate sentence. (Id.)

II. Discussion

As the Government correctly states, "[a] second or successive motion [to vacate sentence] must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h); see also 28 U.S.C. § 2244(b)(3); Gonzalez v. Crosby, 545 U.S. 524, 530 (2005) ("before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions"). Until a movant receives permission to file a second or successive § 2255 motion to vacate sentence, a district court does not have jurisdiction to review the merits of that second or successive motion. Burton v. Stewart, 549 U.S. 147, 152 (2007) ("because the 2002 petition is a 'second or successive' petition . . ., the District Court never had jurisdiction to consider it in the first place"); see also Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 101 (1998) ("jurisdiction is always an antecedent question"); Cadet v. Bulger, 377 F.3d 1173, 1179 (11th Cir. 2004) (a district court is "obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking") (internal quotation omitted).

3

The Clerk for the United States Court of Appeals for the Eleventh Circuit states that Movant has not sought permission to file a second or successive motion to vacate sentence. Consequently, this Court concludes that it lacks jurisdiction to review Movant's second 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence.

III. Certificate of Appealability

Pursuant to Rule 22(b)(1) of the Rules of Appellate Procedure, "the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability ("COA") under 28 U.S.C. § 2253(c)." "The district court must issue or deny a . . . [COA] when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing 2255 Cases.

When a motion to vacate sentence is dismissed "on procedural grounds without reaching the prisoner's underlying constitutional claim, as here, a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Jimenez v.

4

Quarterman, __ U.S. __, 129 S. Ct. 681, 684 n.3 (2009) (internal quotation omitted); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Movant is required by statute to seek permission from the Eleventh Circuit Court of Appeals to file a second or successive motion to vacate sentence, and this Court does not have jurisdiction to review his second motion to vacate sentence until he obtains the required permission. Movant should be denied a COA.

IV. Conclusion

**IT IS ORDERED** that Movant's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence [1299] is **DENIED**. Movant is **DENIED** a certificate of appealability.

**IT IS SO ORDERED**, this 23rd day of April, 2010.

_____
TIMOTHY C. BATTEN, SR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)